Ingrid M. Evans, Esq. (SBN 179094)
**EVANS LAW FIRM, INC.**
3053 Fillmore Street #236
San Francisco, CA 94123
T: 415.441.8669
ingrid@evanslaw.com

John Soumilas*
Joseph L. Gentilcore*
**FRANCIS & MAILMAN, P.C.**
1600 Market Street, 25th Floor
Philadelphia, PA 19103
T: 215.735.8600
jsoumilas@consumerlawfirm.com
jgentilcore@consumerlawfirm.com
*Application for admission pro hac vice forthcoming*

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YULIANG GUO, | C.A. No. |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| MAGIC LEAP, INC. | |
| Defendant. | |

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant Magic Leap, Inc. (hereafter "Magic Leap"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq., as amended.*

### II. PARTIES

2. Plaintiff Yuliang Guo is an adult individual who resides in the State of California.

1
COMPLAINT

3. Defendant Magic Leap is a business entity that regularly conducts business in the Northern District of California and has principal places of business located at 1376 Bordeaux Drive, Sunnyvale, CA 94089.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p in that all claims brought arise under the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. Venue is properly in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. Venue is proper in the San Francisco Division because Defendant maintains a Registered Business Location at One Letterman Drive, San Francisco, CA 94129 and conducts operational and managerial functions and employs executive officers and management personnel in San Francisco.

### IV. STATEMENT OF FACTS

5. In or around May 2018, Plaintiff applied for the position of Senior Software Engineer with Defendant Magic Leap.

6. On June 4, 2018, Magic Leap extended an employment offer to Plaintiff outlining the details of the position, details of Plaintiff's compensation, and the requirement that Plaintiff relocate from Rhode Island to Sunnyvale, California.

7. The June 4, 2018 offer was contingent on the successful completion of a background check.

8. Based upon the representations made in Magic Leap's June 4, 2018 offer, Plaintiff terminated his lease in Rhode Island, paid an early termination fee, and relocated to Sunnyvale, California, in early-July 2018.

9. On or around July 24, 2018, Magic Leap processed its background check of Plaintiff.

10. Magic Leap used a third-party consumer reporting agency ("CRA") to obtain Plaintiff's background report. That CRA is Baan Tech.

11. Baan Tech issued a consumer report regarding Plaintiff (the "Baan Tech Report").

12. The Baan Tech Report contained a wide range of information about Plaintiff, including, but not limited to, demographic information, educational history, credit history, employment history, criminal history and political affiliations.

13. The Baan Tech Report contained inaccurate information about Plaintiff.

14. The inaccurate information included inaccurate employment history and the inaccurate representation that Plaintiff was liable for a business loan in China.

15. Specifically the report contained the following entry:

| Item | Personal Business Loan |
| --- | --- |
| Status | Active |
| No. of Repayment | 12 Monthly |
| Date of Loan | 12 August, 2017 |
| Loan Maturity Date | 12 August, 2018 |
| Amount | RMB850,000 |
| Outstanding Loan | RMB928,742[1] |
| Date of Information | 28 May, 2018 |

---

[1] Given the prevailing exchange rate as of November 6, 2018, ¥928,742 RMB coverts to $134,220 USD.

16. Specifically, the Baan Tech Report stated the subject business loan was apparently funded in August 2017, during which time Plaintiff was a full-time graduate student, residing in Rhode Island.

17. Plaintiff did not take out the loan and has no connection with it whatsoever.

18. The consumer report generated by Baan Tech further states, "It is not clear why a PhD candidate at a US University would have such a loan in China or how he would repay it in one year's time."

19. On July 24, 2018, Magic Leap notified Plaintiff that it intended to rescind the June 4, 2018 job offer as a result of the information contained in the Baan Tech consumer report regarding the Chinese business loan.

20. In its July 24, 2018 correspondence, Magic Leap failed to identify Baan Tech by name, and instead only provided Plaintiff with the following information about the source of the Chinese business loan that Plaintiff allegedly owed:

> 176/19 Moo2
> Klongmai, Sampran
> Nakhon Pathom 73110 Thailand

21. On that same day, Plaintiff contacted Magic Leap to notify it that the information regarding the loan in the Baan Tech report was inaccurate, and providing information and evidence that the business loan was not his.

22. Plaintiff requested additional information regarding the CRA that created the consumer report so that he could dispute with that entity.

23. Magic Leap responded to Plaintiff by indicating that it would look into the issue.

24. Despite Magic Leap's representation, on August 13, 2018, Magic Leap rescinded the June 4, 2018 job offer based on the inaccurate business loan information contained in the Baan Tech report.

25. On that same day, following rescission of the job offer, Plaintiff again contacted Magic Leap, and again reaffirmed that the information regarding the business loan was inaccurate, and again requested contact information for the CRA that created the inaccurate consumer report.

26. In response, on August 16, 2018, Magic Leap for the first time provided Plaintiff with the name of the CRA that furnished the inaccurate consumer report—Baan Tech.

27. Magic Leap further informed Plaintiff that the CRA was located in Bangkok, Thailand, but stated that it was unable to provide Plaintiff with any other contact information for Baan Tech.

28. Plaintiff attempted to acquire additional information about Baan Tech by searching on the Internet; however, the physical address provided by Magic Leap for Baan Tech appears to be associated with a vacation resort.

29. On August 17, 2018, Magic Leap provided a phone number for Baan Tech; however, the phone number was disconnected, and could not be used to contact Baan Tech.

30. Under the FCRA, a "user" of a consumer report who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer-applicant, and must include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action. 15 U.S.C. § 1681b(b)(3)(A).

31. The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the job applicant that he is about to experience an adverse action,

5
COMPLAINT

such as a rejection, based on the content of a report, and to provide him an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user <u>before</u> that job prospect or job is lost.

32. As detailed above, Magic Leap failed to provide Plaintiff with adequate information and means to contact the CRA that provided the inaccurate consumer report for purposes of disputing that inaccurate information.

33. As a direct result of the inaccurate information that Plaintiff was unable to dispute, Magic Leap rescinded its job offer to Plaintiff.

34. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, loss of a yearly salary of $155,000, loss of a signing bonus of $20,000, loss of stock options, re-location expenses, incurred costs of moving, harm to reputation, and emotional distress, including anxiety, humiliation and embarrassment.

35. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

36. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was willful, reckless, negligent, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## V. CAUSES OF ACTION

### COUNT ONE
### FCRA 15 U.S.C. § 1681b(b)(3)

37. Plaintiff incorporates all paragraphs as though the same were set forth at length herein.

38. Defendant Magic Leap is a "person" as that term is defined by § 1681a(b) of the FCRA.

39. Plaintiff is a "consumer" as that term is defined by § 1681a(c) of the FCRA.

40. The above-mentioned report is a "consumer report" as that term is defined by § 1681a(d) of the FCRA.

41. Pursuant to its usual policies and practices Defendant Magic Leap never provided Plaintiff with adequate pre-adverse action notice before taking adverse action against him.

42. A primary reason that Congress required that a person intending to take an adverse action based on information in a consumer report provide the report to the consumer before taking the adverse action is so the consumer has time to review the report and dispute information that may be inaccurate, or discuss the report with the prospective employer before adverse action is taken. *See* Federal Trade Commission letter dated December 18, 1997 to Harold R. Hawkey, Esq. ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken").

43. Consistent with that purpose, federal courts have held that the prospective employer must provide the report to the consumer "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report." *Williams v. Telespectrum, Inc.*, 2006 U.S. Dist. LEXIS 101162, at *18 (E.D. Va. Nov. 7, 2006); *Beverly v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 2266 (E.D. Va. Jan. 11, 2008) (quoting *Williams*).

44. By means of these cases and others construing § 1681b(b)(3)(A), Defendant Magic Leap had substantial notice that its conduct violated the FCRA.

45. By failing to provide Plaintiff with a adequate means or information to dispute the inaccurate information in the consumer report, prior to taking adverse action against him based on

the report, Defendant Magic Leap disregarded the case law, regulatory guidance, and the plain language of the FCRA § 1681b(b)(3)(A).

46. Defendant Magic Leap used a consumer report for employment purposes, and took adverse action against Plaintiff based in whole or in part on the consumer report.

47. Defendant Magic Leap negligently and willfully failed to comply with the requirements of FCRA § 1681b(b)(3)(A) by failing to provide Plaintiff with adequate pre-adverse action notice before taking adverse action against him, as well as a copy of the Baan Tech Report and statement of Plaintiff's rights under the FCRA.

48. Pursuant to 15 U.S.C. § 1681n and 1681o, Defendant Magic Leap is liable to Plaintiff for willfully and negligently violating FCRA § 1681b(b)(3.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, based on the following requested relief:

(a) Statutory damages;

(b) Actual damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

### COUNT TWO
### Promissory Estoppel

49. Plaintiff incorporates all paragraphs as though the same were set forth at length herein.

50. Defendant is liable to Plaintiff for damages caused by its breach of promise of employment to him, reasonably relied upon by Plaintiff.

51. Defendant promised Plaintiff a job as a Senior Software Engineer with certain salary, benefits and perquisites as outlined in the June 4, 2018 offer ("Offer").

52. The Offer further required Plaintiff to relocate from Rhode Island to California, and provided for a relocation reimbursement in the amount of $8,000.

53. In reasonable reliance on the Offer, Plaintiff terminated his lease in Rhode Island, paid a termination fee, incurred moving expenses, and relocated across the country to California.

54. Notwithstanding the above promise and Plaintiff's reliance thereupon, Defendant did not fulfill its promise to provide Plaintiff with the job as a Senior Software Engineer with certain salary, benefits and perquisites as outlined in the Offer.

55. As a direct and proximate result of Defendant's inducement of Plaintiff's reliance upon their false promise, he suffered the damages alleged above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, based on the following requested relief:

(a) Actual damages; and

(b) Such other and further relief as may be necessary, just and proper.

### COUNT THREE
### Negligence

56. Plaintiff incorporates all paragraphs as though the same were set forth at length herein.

57. Defendant is liable to Plaintiff for damages caused by its breach of its duty to provide truthful and honest information to Plaintiff about his employment prospects with it.

58. Defendant owed Plaintiff a duty to communicate honestly and truthfully with respect to his job prospects with it.

59. Defendant breached its duty to Plaintiff by failing to provide him with meaningful notice of its intention to take adverse employment action based in whole or in part on a consumer report.

60. Defendant breached its duty to Plaintiff by failing to provide him with a meaningful opportunity to dispute the inaccurate information on the Baan Tech Report prior to taking adverse action against Plaintiff based on the inaccurate information contained in the Baan Tach Report.

61. As a direct and proximate result of Defendant's breach of its duty to Plaintiff, Plaintiff suffered the damages alleged above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, based on the following requested relief:

(c) Actual damages; and

(d) Such other and further relief as may be necessary, just and proper.

### COUNT FOUR
### Breach of Implied Covenant of Good Faith and Fair Dealing

62. Plaintiff incorporates all paragraphs as though the same were set forth at length herein.

63. Defendant is liable to Plaintiff for damages caused by its breach of the implied covenant of good faith and fair dealing in the course of their employment negotiations and agreements.

64. Specifically, Defendant promised to allow Plaintiff the ability to dispute the inaccurate information contained in the Baan Tech Report prior to taking adverse action against Plaintiff.

65. However, Defendant's promise was illusory because it failed to provide Plaintiff with the necessary information to make contact with Baan Tech and dispute the inaccurate information prior to Defendant making the decision to take adverse action against Plaintiff based on the inaccurate information.

66. As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff suffered the harm alleged above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, based on the following requested relief:

    (a)    Actual damages; and

    (b)    Such other and further relief as may be necessary, just and proper.

### JURY TRIAL DEMAND AND GENERAL PRAYER FOR RELIEF

67. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant Magic Leap, for the following requested relief:

    A.    Actual damages;

    B.    Statutory damages;

    C.    Punitive and/or treble damages and penalties;

D.   Costs of suit and reasonable attorney's fees and costs of investigation and litigation pursuant to, among other statutes, 15 U.S.C. §§ 1681n and 1681o;

E.   Pre-judgment and post-judgment interest as provided by law; and

F.   Such other and further relief, including any equitable relief by way of restitution, rescission or other equitable relief, as may be necessary, just and proper.

Respectfully submitted,

**EVANS LAW FIRM, INC.**

Ingrid M. Evans, Esq. (SBN 179094)
3053 Fillmore Street #236
San Francisco, CA 94123
T: 415.441.8669
ingrid@evanslaw.com

**FRANCIS & MAILMAN, P.C.**
John Soumilas*
Joseph L. Gentilcore*
1600 Market Street, 25th Floor
Philadelphia, PA 19103
T: 215.735.8600
jsoumilas@consumerlawfirm.com
jgentilcore@consumerlawfirm.com
* *Application for admission pro hac vice forthcoming*

*Attorneys for Plaintiff*